## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| In re:<br>I80 Equipment, LLC<br><br>　　　　Debtor(s). | Case No. 17-81749<br><br>Chapter 7 |
| Jeana K. Reinbold, solely as Chapter 7<br>Trustee of the Estate of I80 Equipment,<br>LLC<br><br>　　　　Plaintiff,<br><br>v.<br><br>Vibrant Credit Union<br><br>　　　　Defendant | AP. No. |

### COMPLAINT

Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("Plaintiff") for her Complaint against Vibrant Credit Union ("Vibrant") states as follows:

### BRIEF SUMMARY OF THE COMPLAINT

This Complaint consists of four (4) Counts. Count I seeks avoidance of any security interests transferred to Vibrant within 90 days of bankruptcy as preferential transfers and recovery of any property subject to such security interests, or the value thereof.

Within 90 days of bankruptcy, the Debtor transferred $103,676.60 from its account at Blackhawk Bank into its account at Vibrant; said amount was then applied to reduce the Debtor's indebtedness to Vibrant. Count II seeks avoidance of said transfer, and of additional transfers of $11,623.03 and $11,514.11 made

within 90 days of bankruptcy, as preferential transfers and entry of a judgment in said amounts.  In the alternative as to said $103,676.60, Count III seeks avoidance and entry of a judgment in said amount on the ground said sum was setoff within 90 days of bankruptcy and Vibrant's position on the date of setoff had improved over its position on the 90th day before bankruptcy. Finally, and again in the alternative as to said $103,676.60, Count IV seeks avoidance and entry of a judgment in said amount on the ground that the debt owed to the Debtor by Vibrant as a result of the Debtor's deposit of said sum was incurred for the purpose of obtaining a right of setoff.

All Counts also seek to preserve all transfers or setoffs for the benefit of this Estate and Count II to IV seek to recover court costs and prejudgment interest.

## JURISDICTION AND VENUE

1.     This adversary proceeding arises under the above-captioned chapter 7 case, currently pending in this Court.

2.  This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1334, 151, 157(a) and 157(b)(2)(A), (F) and (O).  Plaintiff consents to entry of final orders or judgment by this Court.

3.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

## PARTIES

4.     Plaintiff is the duly appointed, qualified and serving chapter 7 trustee in the above referenced chapter 7 case.

5.     Vibrant is a federal credit union with a principal address of 1900 52nd Avenue, Moline, IL  61265.

2

## COMMON FACTS

6.  I80 Equipment, LLC ("Debtor") filed a chapter 7 bankruptcy petition herein on December 6, 2017.  Plaintiff was appointed chapter 7 trustee of the case on said date.

7.  Prior to filing bankruptcy, the Debtor operated a commercial business whereby it purchased and refurbished bucket trucks for resale.  The Debtor's property included vehicles, inventory and funds in checking account number xxxxxx7863 at Black Hawk Bank & Trust ("Blackhawk Account") and account numbers xxxxxx5000 and xxxxxx2346 at Vibrant (collectively the "Vibrant Accounts").

8.  On or about March 3, 2016, the Debtor executed a document entitled "COMMERCIAL SECURITY AGREEMENT" ("March 2016 Security Agreement") which purported to grant Vibrant a security interest in certain property in which the Debtor had an interest to secure indebtedness owed to Vibrant, including but not limited to vehicles, inventory and funds in the Blackhawk Account and Vibrant Accounts.  A true and accurate copy of the March 2016 Security Agreement is attached hereto as Exhibit A.

9.  On or about May 23, 2016, the Debtor executed a document entitled "COMMERCIAL SECURITY AGREEMENT" ("May 2016 Security Agreement") which purported to grant Vibrant a security interest in certain property in which the Debtor had an interest to secure indebtedness owed to Vibrant, including but not limited to vehicles, inventory and funds in the Blackhawk Account and Vibrant Accounts.  A true and accurate copy of the May 2016 Security Agreement is

attached hereto as <u>Exhibit B</u>.

10. On December 1, 2017, Vibrant filed a UCC Financing Statement with the Illinois Secretary of State as document no. 22919032 ("Financing Statement"). The Financing Statement identified the Debtor as "I80". A true and accurate copy of the Financing Statement is attached hereto as <u>Exhibit C</u>.

11. On December 1, 2017, Vibrant filed a UCC Financing Statement Amendment ("Amended Financing Statement") as document no. 09514731. The Amended Financing Statement changed the Debtor's name to "I80 Equipment, LLC". A true and accurate copy of the Amended Financing Statement is attached hereto as <u>Exhibit D</u>.

12. On or about October 3, 2017, the Debtor drew check no. 355959 payable to Vibrant for $103,676.60 on the Blackhawk Account and said check was deposited into Vibrant account xxxxxx5000.

**COUNT I**
**(11 U.S.C. §§547, 550 and 551 – Avoidance and Recovery of Preference-Security Interests)**

13. Plaintiff repeats and realleges averments 1 through 12 of her Complaint as if set forth fully herein.

14. This Count is brought pursuant to 11 U.S.C. §§ 547, 550(a)(1) and 551.

15. The transfers, if any, to Vibrant of security interests in any interest of the Debtor in any property or in the proceeds thereof, including but not limited to any security interests in any of the Debtor's vehicles, inventory or funds in the Blackhawk Account or Vibrant Accounts transferred to Vibrant under the March

4

2016 Security Agreement or the May 2016 Security Agreement:

(a)  were to or for the benefit of a creditor;

(b)  were for or on account of an antecedent debt(s) owed by the Debtor before such transfers were made;

(c) were made while the Debtor was insolvent;

(d) were made on or within ninety (90) days before the date of the filing of the Debtor's bankruptcy petition; and

(e) enabled Vibrant to receive more than it would have received if such transfers had not been made and Vibrant received payment of such debt(s) to the extent provided by Chapter 7 of Title 11 of the Bankruptcy Code.

WHEREFORE, Plaintiff prays that this Court enter judgment:

a. avoiding any transfers to Vibrant of any security interests in any interest of the Debtor in any property and in the proceeds thereof, including but not limited to any security interests in any of the Debtor's vehicles, inventory, or funds in the Blackhawk Account or Vibrant Accounts, transferred to Vibrant under the March 2016 Security Agreement or May 2016 Security Agreement;

b.  in favor of the Trustee and against Vibrant for recovery of any interest of the Debtor in any property and in the proceeds thereof which were subject to any security interests transferred to Vibrant to the extent such transfers are avoided, including but not limited to recovery of any of the Debtor's  interest in vehicles, inventory or funds in the Blackhawk Account or the Vibrant Accounts which were subject to security interests transferred to Vibrant under the March 2016 Security Agreement or May 2016 Security Agreement, or for the value thereof;

5

c.  preserving such transfers for the benefit of this Estate; and

d.  granting the Trustee such further relief as is just.

## COUNT II
### (11 U.S.C. §§547, 550 and 551 – Avoidance and Recovery of Preference-Payments)

16.  Plaintiff repeats and realleges averments 1 through 12 of her Complaint as if set forth fully herein.

17.  This Count is brought pursuant to 11 U.S.C. §§ 547, 550(a)(1) and 551.

18.  On or about October 3, 2017, a total of $103,676.60 of the Debtor's funds (in separate amounts of $29,709.60, $20,000.00 and $53,967.00) were transferred from Vibrant account xxxxxx5000 to Vibrant and applied to reduce the amount owing under loan no. xxxxxx1184 by the Debtor to Vibrant.

19.  On or about October 11, 2017, the following funds of the Debtor in the Blackhawk Account were transferred by the following checks to Vibrant and were applied to reduce the amount owing under loan no. xxxxxx1184 by the Debtor to Vibrant:

| Check No. | Amount |
|-----------|-----------|
| 356062    | $11,623.03 |
| 355704    | $11,514.11 |

20.  All of the above transfers were to or for the benefit of a creditor for or on account of an antecedent debt(s) owed by Debtor before such transfers were made.

21.  All of the above transfers were made while Debtor was insolvent.

22.  All of the above transfers enabled Vibrant to receive more than Vibrant

would receive if the transfers had not been made and Vibrant received payment of such debt(s) to the extent provided by the provisions of Title 11.

WHEREFORE Plaintiff prays that this Court:

a.  avoid the said transfers totaling $126,813.74;

b.  enter judgment in favor of Plaintiff and against Vibrant for the sum of $126,813.74 plus costs of $350.00, plus prejudgment interest;

c.  preserve the said transfers for the benefit of this Estate; and

d.  grant the Plaintiff such other relief as is just.

In the alternative, for Count III of her Complaint, Plaintiff states as follows:

**COUNT III**
**(11 U.S.C. §§553(b) and 550 – Set off)**

23.  Plaintiff repeats and realleges averments 1 through 12 of her Complaint as if set forth fully herein.

24.  This Count is brought pursuant to 11 U.S.C. §§ 553(b) and 550(a)(1).

25.  On or about October 3, 2017, Vibrant setoff said $103,676.60 (in separate amounts of $29,709.60, $20,000.00 and $53,967.00) in Vibrant account xxxxxx5000 against the amount owed by the Debtor to Vibrant under loan xxxxxx1184.

26.    On the September 7, 2017, the 90th day before the date of bankruptcy, the balances in the Vibrant Accounts were $5,007.01 and the amount owed by the Debtor to Vibrant under said loan was $3,133,143.90.  The insufficiency (as defined at 11 U.S.C. § 553(b)(2)) on said date was thus $3,128,136.89.

27.  On October 3, 2017, the date of setoff, the balances in the Vibrant Accounts were $108,684.02 and the amount owed by the Debtor to Vibrant under said loan was $3,133,143.90.  The insufficiency on said date was thus $3,024,459.88.

28.  The insufficiency on October 3, 2017 was less than the insufficiency on September 7, 2017 in the amount of $103,677.01.

WHEREFORE Plaintiff prays that this Court:

a.  avoid the said setoffs or transfers totaling $103,676.60;

b.  enter judgment in favor of Plaintiff and against Vibrant for the sum of $103,676.60 plus costs of $350.00, plus prejudgment interest;

c.  preserve the said setoffs or transfers for the benefit of this Estate; and

d.  grant the Plaintiff such other relief as is just.

In the alternative, for Count IV of her Complaint, Plaintiff states as follows:

**COUNT IV**
**(11 U.S.C. §§553(a)(3) – Set off)**

29.  Plaintiff repeats and realleges averments 1 through 12 of her Complaint as if set forth fully herein.

30.  This Count is brought pursuant to 11 U.S.C. §§ 553(a)(3).

31.  On or about October 3, 2017, Vibrant setoff said $103,676.60 (in separate amounts of $29,709.60, $20,000.00 and $53,967.00) in Vibrant account xxxxxx5000 against the amount owed by the Debtor to Vibrant under loan xxxxxx1184.

32.  The deposit of said $103,676.60 into said Vibrant account was made

within 90 days before bankruptcy.

33.  The said deposit was made while the Debtor was insolvent.

34.  The debt owed to the Debtor by Vibrant as a result of said deposit was incurred by Vibrant for the purpose of obtaining a right of setoff against the Debtor.

WHEREFORE Plaintiff prays that this Court:

a.  avoid the said setoffs or transfers totaling $103,676.60;

b.  enter judgment in favor of Plaintiff and against Vibrant for the sum of $103,676.60 plus costs of $350.00, plus prejudgment interest;

c.  preserve the said setoffs or transfers for the benefit of this estate; and

d.  grant the Plaintiff such other relief as is just.

Respectfully submitted,

Jeana K. Reinbold, not individually but solely in her capacity as Chapter 7 Trustee of the Estate of I80 Equipment, LLC

Date: November 15, 2019

By: /s/ Andrew W. Covey
One of her attorneys

Andrew W. Covey #06183817
416 Main Street, Suite 700
Commerce Bank Building
Peoria, IL 61602
309-674-8125

Jeana K. Reinbold #6272531
1100 S. 5th Street
P.O. Box 7315
Springfield, IL  62791
217-241-5629